[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above case comes before the court on four motions, two filed by the plaintiff and two filed by the defendant. The parties' marriage was dissolved by order of the court on November 17, 1988 (Ottaviano, J.). The judgment of dissolution provided, among other things, that the plaintiff should have physical custody of the two minor children and should continue to occupy the family home until cohabitation or remarriage, at which time the house was to be put up for sale and the proceeds divided between the parties after adjustments.
The parties have been before the court and the family support magistrate on several occasions since entry of the divorce decree. On September 20, 1989, the parties agreed that physical custody of their son Jason would be with the defendant, and that physical custody of their son Michael would be with the plaintiff. On the same date, the family support magistrate granted the defendant's motion for modification to the extent of terminating child support that the defendant had previously been ordered to pay as to Jason, leaving an order of child support to be paid as to Michael, who reached the age of majority on October 5, 1990.
On November 20, 1990, the defendant filed a motion for modification alleging that the plaintiff had been cohabiting since December 1, 1989, and seeking an order requiring the plaintiff to pay child support as to Jason, who continued to live with the defendant. The plaintiff admits that cohabitation began in December 1989 and that she has subsequently married the man who lives with her in the home she owns jointly with the defendant.
On April 1, 1991, the court, DeMayo, J., granted the motion CT Page 10253 for modification to the extent of requiring the plaintiff to pay $25.00 per week in child support "in credit payments", as an offset to an arrearage for child support owed by the defendant to the plaintiff. On June 25, 1991, with regard to the defendant's request that the plaintiff pay use and occupancy charges and the plaintiff's request for payment of the defendant's share of real estate taxes, Judge DeMayo made determinations as to arrearages to be adjusted upon the eventual sale of the house and found that the original dissolution judgment did not provide for payment of use and occupancy while the house was on the market.
Motion 149.00, the defendant's motion for contempt, again raises the issue of payment of use and occupancy, and motion 150.00 seeks actual payment for the support of Jason, who continues to live with the defendant in the apartment of a woman the defendant describes as his "girlfriend."
The defendant's motion for contempt, #149.00, does not identify any order of the court presently in effect that the plaintiff is claimed to have violated. Rather, this motion seeks a modification of the original judgment to require the plaintiff to pay use and occupancy until the sale of the house, and the court will treat it as a motion to modify the original decree, which is silent on the issue of payment of use and occupancy after cohabitation begins and while the house is being sold. There is no mortgage on the home.
At the time of that decree, it was anticipated that the plaintiff would be supplying a home for Jason. She is not. At the time of the decree, the defendant was earning more than twice what the plaintiff was earning. He is now unemployed and his unemployment compensation benefits are $178.00, about the same as the plaintiff's weekly income from her parttime work as a hairdresser. It appears that when Judge DeMayo was presented with the issues in June 1991, he anticipated that the house would be sold without much more delay and that a period for sale was within the contemplation of the original decree. The portion of the judgment allocating use of the home to the plaintiff appears to be in the nature of an order of alimony, as this form of financial assistance was to terminate upon cohabitation. This provision is therefore modifiable pursuant to 46b-86 C.G.S.
Six additional months have elapsed, and the defendant correctly points out that the plaintiff, living rent-free, has little reason to facilitate a sale, but is not using the former family home for the benefit of a minor child and has not done so since October 1990.
Accordingly, this court finds that a substantial change of circumstances exists and the judgment is hereby modified to the CT Page 10254 extent that the plaintiff shall, as of December 1, 1991, pay $500.00 per month use and occupancy in the form of deductions to be made from her share of the proceeds upon the eventual sale of the house. As of the same date, she shall be solely responsible for the costs of insuring the house.
The defendant's other motion, #151.00, raises the issue of modification of the judgment to require payment by the plaintiff of child support for the benefit of Jason. Judge DeMayo's order of April 1990 provided that the plaintiff should pay $25.00 per week in the form of an offset against the arrearage that predated Michael's reaching age 18. The defendant has established that he continues to be unemployed and is not receiving any actual money from the plaintiff, as opposed to credits against indebtedness, to help pay for Jason's food and clothing. In these circumstances, it is appropriate that the plaintiff actually pay to the defendant the $25.00 per week previously ordered, in order to meet her son's current expenses, in recognition of the fact that the purpose of child support is to provide for the child, not simply to adjust finances between the parents. This award is within the applicable guidelines for child support.
The issue of past arrearages will be addressed at the time of division of proceeds of the sale of the home.
The plaintiff has moved for an award of counsel fees upon a characterization of the defendant's motions as frivolous. Having found cause to grant those motions in part, the court denies the plaintiff's motion.
The plaintiff has moved for a finding of contempt against the defendant for failure to pay premiums for house insurance. In view of the ruling on the motion to modify, this portion of the plaintiff's motion is denied.
The plaintiff further alleges that the defendant was ordered to provide her with verification of life insurance but has failed to do so. The divorce decree requires both parties to maintain $50,000 of life insurance and to provide evidence thereof at six month intervals, commencing December 1, 1988. By the court's reckoning, the defendant was due to provide such evidence on December 1, 1991, the day before the hearing, and the defendant shall provide such evidence to the plaintiff's counsel on or before December 15, 1991.
CONCLUSION
The defendant's motions to modify are granted to the extent that the plaintiff shall, commencing with the week of December 9, 1991, pay the defendant $25.00 per week for the support of her CT Page 10255 minor son, Jason, and shall have her share of the eventual proceeds of the sale of the house reduced by $500 for each month that she occupies the former family home, commencing November 7, 1991, the date of the filing of the motion, and she shall from that date pay all costs of home insurance during her occupancy.
The plaintiff's motions #151 and 152 are denied except that by December 15, 1991, the defendant shall provide plaintiff with evidence that his life is insured to the extent of $50,000.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT